UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-80094-CANNON

UNITED STATES OF AMERICA

v.

ROBERTO FIGUEREDO,

Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (this "Office") and ROBERTO FIGUEREDO (hereinafter referred to as the "Defendant") enter into the following agreement:

1.      The Defendant agrees to plead guilty to counts 1 and 4 of the indictment, which charge the Defendant with Casting a False Ballot, in violation of Title 52, United States Code, Section 20511(2)(B), and Voting by an Alien, in violation of Title 18, United States Code, Section 611(a) respectively.

2.      This Office agrees to seek dismissal of counts 2, 3, 5, and 6 of the indictment after sentencing.

3.      The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence

1

investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may vary from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but it is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.     The Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 5 years, followed by a term of supervised release of up to 3 years as to Count 1, and a statutory maximum term of imprisonment of up to 1 year, followed by a term of supervised release of up to 1 year as to Count 4. These sentences of imprisonment may be run consecutively, for a total sentence of 6 years' imprisonment. The Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the Defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to

$250,000 and will order forfeiture and restitution if applicable.

5.      The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 as to count 1, and $25 as to count 4, will be imposed on the Defendant.   *See* 18 U.S.C. § 3013.   The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6.   .   This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will move the Court for an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the

Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the Defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. This Office, however, will not be required to make this motion and these recommendations if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.     This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

Base Offense Level: That the base offense level is Level 6 pursuant to Section 2H2.1(a)(3) of the United States Sentencing Guidelines.

9.     This Office agrees to recommend a sentence at the low-end of the advisory guideline range.

10.     Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the

4

subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

11.   This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 9/30/25          By: _____
                       TIMOTHY FARINA
                       ASSISTANT UNITED STATES ATTORNEY

Date: 9/30/25          By: _____
                       PETER BIRCH
                       ATTORNEY FOR DEFENDANT

Date: 9/30/25          By: _____
                       ROBERTO FIGUEREDO
                       DEFENDANT

5